**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **FBRG HOSPITALITY DEVELOPERS, LP,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:25-cv-01154-ADA-DH** |
| | § | |
| **REAGAN NATIONAL ADVERTISING OF AUSTIN, LLC** | § | |
| | § | |
| | § | |
| ***Defendant*.** | § | |

**PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER TO COUNTERCLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff/Counter-Defendant FBRG Hospitality Developers, LP ("FBRG") files this Answer to the Counterclaim of Defendant/Counter-Plaintiff Reagan National Advertising of Austin, LLC ("Reagan") and respectfully shows as follows:

## INTRODUCTION

1. FBRG admits that Reagan filed a Counterclaim within 21 days of removal.

2. FBRG admits only that Reagan's Counterclaims purport to arise out of the same transaction or occurrence as Plaintiff's claims but denies that they state a valid cause of action.

## FACTUAL BACKGROUND

3. On information and belief, FBRG believes the allegations in paragraph 3 to be accurate.

4. FBRG denies that Reagan has timely made any payments to FBRG. Otherwise, FBRG

lacks sufficient information to admit or deny the allegations in paragraph 4 made by Defendant and therefore denies them.

5. FBRG lacks sufficient information to admit or deny the allegations in paragraph 5 and therefore denies them.

6. FBRG lacks sufficient information to admit or deny the allegations in paragraph 6 and therefore denies them.

7. FBRG lacks sufficient information to admit or deny the allegations in paragraph 7 and therefore denies them.

8. FBRG denies that Reagan has carefully maintained its billboard structure since FBRG acquired the property. Otherwise, FBRG lacks sufficient information to admit or deny the allegations in paragraph 8 and therefore denies them.

9. FBRG lacks sufficient information to admit or deny the allegations in paragraph 9 and therefore denies them.

10. FBRG denies the allegations in paragraph 10.

11. FBRG lacks sufficient information to admit or deny the allegations in paragraph 11 and therefore denies them.

12. FBRG lacks sufficient information to admit or deny the allegations in paragraph 12 and therefore denies them.

13. On information and belief, FBRG believes the allegations in paragraph 13 to be accurate.

14. FBRG admits that Chris Iversen sent an email to Nate Berkowitz on June 9, 2025.

15. FBRG admits that it received a demand letter through counsel.

16. FBRG admits that it filed a lawsuit in state District Court. FBRG denies the remainder

of the allegations in paragraph 16.

17. FBRG denies the allegations in paragraph 17.

18. FBRG admits the allegation in paragraph 18 that Reagan has brought a counterclaim alleging certain causes of action, but denies that the causes of action have any merit.

**TEXAS THEFT LIABILITY ACT**

19. FBRG incorporates its responses above.

20. FBRG admits the allegation in paragraph 20 that Reagan has purported to bring suit pursuant to the provisions of the Texas theft liability act that but denies that these allegations have any merit.

21. FBRG denies the allegations in paragraph 21.

22. FBRG denies the allegations in paragraph 22.

**BREACH OF EASEMENT AGREEMENT**

23. FBRG incorporates its responses above.

24. FBRG admits the allegation in paragraph 24 that Reagan has brought suit complaining of FBRG's breach of the easement agreement but denies that these claims have any merit.

25. The first and third sentences in paragraph 25 are legal conclusions and do not require an admission or denial. On information and belief, FBRG believes that the easement agreement was on file in the real property records of Gillespie County, Texas.

26. FBRG admits that the easement agreement contains the language cited. FBRG denies the remainder of the allegations in paragraph

27. In response to paragraph 27, FBRG admits that the easement agreement contains other

covenants and prohibitions. The allegations about what discovery might reveal and what additional claims Reagan may bring are speculative and to the extent they require an admission or denial, FBRG denies them.

28. FBRG admits the allegation in paragraph 28 that Reagan sues for damages and seeks the relief described but denies that Reagan is entitled to any of the relief sought in paragraph 28.

## INJUNCTIVE RELIEF

29. FBRG incorporates its responses above.

30. In response to paragraph 30, FBRG admits that Reagan is suing for a preliminary and permanent injunction but denies that Reagan is entitled to any injunctive relief.

31. In response to paragraph 31 FBRG admits that paragraph 7 of the easement contains that language but denies the remainder of the allegations in paragraph 31.

32. In response to paragraph 32, FBRG admits that Reagan is suing for a preliminary and permanent injunction but denies that Reagan is entitled to any injunctive relief.

33. In response to paragraph 33, FBRG admits that Reagan is seeking a preliminary and permanent injunction with specific relief set forth in subparagraphs a-h. FBRG denies that Reagan is entitled to any of the relief sought.

34. In response to paragraph 34, FBRG admits that Reagan is suing for a preliminary and permanent injunction but denies that Reagan is entitled to the injunctive relief sought.

35. In response to paragraph 35, FBRG admits that Reagan is suing for a preliminary and permanent injunction but denies that Reagan is entitled to the injunctive relief sought.

36. FBRG denies the allegations in paragraph 36.

37. FBRG denies the allegations in paragraph 37.

38. FBRG denies the allegations in paragraph 38.

39. FBRG denies the allegations in paragraph 39.

## CONDITIONS PRECEDENT

40. FBRG denies the allegations in paragraph 40.

## CONCLUSION AND PRAYER

41. FBRG denies that Reagan is entitled to any of the relief sought in the Conclusion and Prayer or any other relief.

## ATTORNEYS' FEE AND INTEREST

42. FBRG denies the allegations in paragraph 41.

## AFFIRMATIVE DEFENSES

Without assuming any burden not imposed by law, FBRG asserts the following defenses to Reagan's Counterclaims:

1. Plaintiff/Counter-Defendant asserts that Reagan's own acts or omissions caused or contributed to Reagan's alleged injuries, if any.

2. Plaintiff/Counter-Defendant asserts that Reagan's claims and damages, if any, are barred in whole or in part by doctrines of estoppel, laches, unclean hands, and/or after-acquired evidence.

3. Without conceding that Counter-Plaintiff has suffered any damages as a result of any alleged wrongdoing by Counter-Defendant, and on information and belief pending discovery, Plaintiff/Counter-Defendant asserts that Reagan has failed to mitigate its claimed damages. To the extent that Reagan has failed to mitigate his damages, Plaintiff/Counter-Defendant is entitled to an offset.

4. Plaintiff/Counter-Defendant asserts that Reagan is not entitled to the punitive or exemplary damages it seeks because Counter-Defendant did not engage in any complained-of act willfully, with malice, and/or with reckless indifference or disregard to the rights of Counter-Plaintiff.

5. Plaintiff/Counter-Defendant asserts that Reagan's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations in Defendant's Counterclaim, Plaintiff/Counter-Defendant FBRG prays that Defendant/Counter-Plaintiff take nothing by way of its Counterclaims, that judgment be entered in favor of Plaintiff/Counter-Defendant, award all recoverable fees, costs, and interest, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Dan Bitting*

**FERGUSON BRASWELL FRASER KUBASTA PC**
**Dan Bitting**
Texas State Bar No. 02362480
4301 Westbank Drive, Building A, Suite 225
Austin, TX 78746
Phone: (512) 703-1400
dbitting@fbfk.law

**Steven Darling**
Texas State Bar No. 24087371
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: (972) 378-9111
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT**
**FBRG HOSPITALITY DEVELOPERS, LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 25th day of August, 2025.

*/s/Steven Darling*
Steven Darling